UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MORGAN DUNN O'CONNOR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-77 |
| | § | |
| NATHAN OLIVER SMITH; aka | § | |
| NATHAN SMITH, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On March 19, 2010, the Court held a hearing to consider Movant's request for a preliminary injunction in the above-styled action. (D.E. 4.) Movant owns over 1,500 acres of property completely surrounding Melon Lake.[1] (D.E. 1, Exh. A-2(a), p. 2.) Respondent Nathan Oliver Smith believes there is an abandoned vessel in the navigable waters of Melon Lake and seeks to find and salvage the vessel. Movant seeks to enjoin Respondent from "entering onto [Movant's] Property except while remaining in a boat floating on the surface of the waters of Melon Lake, from any excavating, probing or other digging into the soil on the Property, including into the soil underlying any water in Melon Lake or other waters on the Property, and from removing any tangible items from the Property from the date of entry of this order until further ordered of this Court." (D.E. 4, Attachment 2). Upon review of the materials submitted by the parties and after a hearing, the Court determines that Movant's request for a preliminary injunction is GRANTED.

---

[1] The right to navigate or "to fish in public waters does not carry with it a right to cross or trespass upon privately owned land in order to reach the water." Diversion Lake Club v. Heath, 126 Tex. 129, 138-39 (Tex. 1935). Although Movant owns all the land surrounding Lake Melon, Respondent claims to gain access by entering the lake directly from a bridge on Farm to Market Road 2678. Respondent also claims to gain access to the lake by boat through a small tributary.

To obtain a preliminary injunction, the movant bears the burden of persuasion on four elements: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." Speaks v. Kruse, 445 F.3d 396, 399-400 (5th Cir. 2006). After reviewing the evidence and pleadings on file and listening to the arguments of counsel, the Court finds that Movant have met their burden on all four factors. Specifically, the Court finds:

1. Movant has a substantial likelihood of success on the merits. Respondent plans to bore holes in and/or around Melon Lake. However, Respondent admits that he does not own the land underneath or around Melon Lake. Movant owns all the land surrounding Melon Lake. (D.E. 1, Exh. A-2(a), p. 2.) The land beneath the lake belongs to either the Movant or to the state of Texas. (D.E. 7, p. 2) No right to access the land underneath or around Melon Lake has been granted to Respondent. Respondent only has limited rights to be on the navigable water of Lake Melon. See Diversion Lake Club v. Heath, 126 Tex. 129, 138 (Tex. 1935); see also Cummins v. Travis County Water Control & Improvement Dist. No. 17, 175 S.W.3d 34, 42 (Tex. App. Austin 2005). Therefore, Movant has shown a substantial likelihood of success that Respondent's planed activities would lead to trespass.

2. Movant has demonstrated that there is a substantial threat of irreparable injury if the injunction is not issued. Respondent has sought permits and investors to

      bore holes and salvage the alleged vessel from the lake.[2] (D.E. 7.) However, as detailed above, Respondent has not been granted access to the land underneath or around the lake. Failure to enjoin the Respondent may result in the irreparable harm of trespassing, the boring of holes, and the taking of property that may not rightfully belong to the Respondent.

3. Movant has demonstrated that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted. The injunction will prevent Respondent from trespassing on this land, from boring holes in the land, and from the potential wrongful taking of property that is not his. The injunction mitigates any harm to Respondent by allowing Respondent to continue boating on the navigable waters of Melon Lake. Thus, the interest of preventing unlawful trespass substantially outweighs any harm Respondent may suffer from this injunction.

4. A preliminary injunction will also further the public interest by maintaining the status quo, allowing Movant to enter Melon Lake's navigable waters by boat, and by preventing trespass.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that Movant's request for a preliminary injunction is GRANTED, and that Respondent and his agents, servants, representatives and employees, and all those acting in aid of and in concert with him are immediately enjoined and restrained from entering onto Movant's property except while remaining in a boat floating on the surface of navigable waters,

---

[2] Respondent has also already removed artifacts from the lake even though ownership interests are still unclear. (D.E. 1, Exh. A-2(a), p.2.) Respondent admits that he does not have a clearly established right to salvage the vessel. (D.E. 7, p. 2) ("[Respondent] asserts a right to salvage or own the vessel under the maritime law of finds or salvage, an issue which has not been decided.").

from any excavating, probing or other digging into the soil on the property, including into the soil underlying any water in Melon Lake or other waters on the property, and from removing any tangible items from the property from the date of entry of this order until further order of the Court.

Pursuant to Federal Rule of Civil Procedure 65(c), Movant is to provide a $500 (five hundred dollar) cash bond to the Clerk of the Court by noon on Monday, March 22, 2010.

SIGNED and ORDERED this 26th day of March, 2010.

_____
Janis Graham Jack
United States District Judge